FILED
U.S DISTR.. COURT
EASTER.. ..... ARKANSAS

MAR 1 6 2026

TAMMY H. D....... CLERK

By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**DENNIS RASDON**                                                    **PLAINTIFF**

**VS.**                                CASE NO. 4:26cv279-DPM

**MARCUS BAKER, INDIVIDUALLY; AND,**
**IN HIS OFFICIAL CAPACITY**                                    **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, **DENNIS RASDON**, by and through counsel, **SUTTER &**

**GILLHAM, P.L.L.C.;** and, for his Complaint, he states

### PARTIES & JURISDICTION

1.     Plaintiff is a resident and citizen of Collier County, Florida.

2.     Defendant was a duly appointed and acting Faulkner County Sheriff Deputy, who

used excessive force over the Plaintiff while he was in Faulkner County Arkansas in 2021.

3.     At the time the events giving rise to the present case occurred, Plaintiff was a

resident and citizen of Arkansas.

4.     This is an action under 42 U.S.C. 1983 as well as the Arkansas Civil Rights Act of

1993. The Defendant is sued in both his individual and official capacities.

5.     This Court has personal and subject matter jurisdiction. This Court has diversity

jurisdiction in the present case pursuant to 28 U.S.C. 1332(a)(1) and federal question jurisdiction

in the present case pursuant to 28 U.S.C. 1331.

6.     Since the acts giving rise to this action arose in Faulkner County, Arkansas, venue

is proper in this Court.

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

## GENERAL ALLEGATIONS

7.     Plaintiff was residing in Faulkner County, Arkansas at the time that the events giving rise to the present case occurred.

8.     Defendant is a certified law enforcement officer in the State of Arkansas.

9.     Defendant was on the scene as part of a negotiation between the Faulkner County Sheriff's Office and a criminal suspect who had barricaded himself inside an apartment.

10.    Plaintiff resided in this apartment complex.

11.    Plaintiff appeared on scene and there was a negotiation occurring between the Faulkner County Sheriff's Office and the criminal suspect, so Plaintiff left.

12.    Plaintiff, upon returning, was taken into custody by the Faulkner County Sheriff's Office.

13.    It was at this point that Plaintiff encountered Defendant.

14.    When the parties encountered one another, Plaintiff was already in custody and his hands were handcuffed behind his back. Plaintiff was awaiting transport to the Faulkner County Detention Center.

15.    At no time did Plaintiff threaten, menace, or otherwise provoke Defendant. Plaintiff did no violence to Defendant, and indeed was incapable of doing so since Plaintiff's arms were handcuffed behind his back. Plaintiff testified to this under oath during his deposition. A copy of Plaintiff's deposition is attached hereto and incorporated herein as "Exhibit 1."

16.    Defendant lunged at Plaintiff, grabbed him, and slammed his head onto the hood of a nearby police car.

17.    There is a video depicting the events described in Paragraph 16. Said video is attached hereto and incorporated herein as "Exhibit 2."

2

18.    During the subsequent investigation of the incident by the Faulkner County Sheriff's Office, Defendant advised his superior officer that the video was indeed of himself and Plaintiff. A recording of Defendant's statement is attached hereto and incorporated herein as "Exhibit 3."

19.    Defendant stated under oath during his deposition that the aforementioned video was indeed of himself and Plaintiff. A copy of Defendant's deposition is attached hereto and incorporated herein as "Exhibit 4."

20.    The Plaintiff was not resisting arrest. Plaintiff was already in custody and awaiting transport to the Faulkner County Detention Center when Defendant encountered him.

21.    Nonetheless, Defendant, with no legal justification, slammed Plaintiff's head against the hood of a police car while Plaintiff was in handcuffs and injured him.

22.    In a report of the incident he filed with the Faulkner County Sheriff's Office, Defendant wrote that Plaintiff's injuries resulting from the incident drew blood. A copy of Defendant's report is attached hereto and incorporated herein as "Exhibit 5."

23.    After this occurred, Plaintiff was taken to the Faulkner County Detention Center and incarcerated.

24.    As a result of his injuries sustained because of Defendant's conduct, Plaintiff has suffered chronic headaches ever since it occurred.

## COUNT I

25.    Plaintiff realleges the foregoing as if more fully set out herein.

26.    By virtue of the facts alleged herein, Plaintiff had a clearly established right to be free from excessive force.

3

27.    Because he was not trained properly, the Defendant used excessive force against Plaintiff.

28.    As a direct and proximate cause of Defendant's acts and omissions as alleged herein, Plaintiff has suffered severe mental, emotional and physical distress, incurred attorneys' fees and other damages to be proven at trial.

29.    Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **DENNIS RASDON**, prays for appropriate compensatory and punitive damages exceeding $75,000; for reasonable attorneys' fees; for costs; for a trial by jury; and, for all other just and proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
310 Natural Resources Dr., Ste. 2
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:    /s/ Luther Oneal Sutter
       Luther Oneal Sutter, ARBN 95031
       luthersutter.law@gmail.com

By:    /s/ Lucien R. Gillham
       Lucien R. Gillham, ARBN 99199
       lucien.gillham@gmail.com

By:    /s/ Caleb Baumgardner
       Caleb Baumgardner, Esq. ARBN 2014183
       caleb.sglaw@gmail.com

4